IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, etc., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION 10-0260-WS-B |
| RICHARD D. HORNE, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

# ORDER

This matter is before the Court on the plaintiff's motion for summary judgment. (Doc. 16). The defendants declined the opportunity to respond, (Doc. 17), and the motion is ripe for resolution.

## DETERMINATIONS OF UNCONTROVERTED FACT

The plaintiff is the successor by merger to Wachovia Bank, National Association ("Wachovia"). In September 2004, Wachovia's predecessor and defendant Richard D. Horne, LLC ("Horne LLC") entered a contract pursuant to which Wachovia's predecessor lent Horne LLC $50,000. Defendant Richard D. Horne ("Horne") unconditionally guaranteed Horne LLC's obligations under this loan.

In February 2007, Wachovia and Horne LLC entered a contract pursuant to which Wachovia lent Horne LLC $100,000. Horne unconditionally guaranteed Horne LLC's obligations to Wachovia under this loan.

Both loans are in default. In addition, the first loan has matured and is by its terms due and owing in full. Based on Horne LLC's default, the plaintiff has accelerated the maturity of the second loan, and it is now due and owing in full.

Horne has defaulted in his obligations under the two guaranties by failing to timely pay the amounts due under the loans.

As of May 13, 2010, the amount of principal, interest and late charges due from Horne LLC under the first loan is $54,820.66 and under the second loan is $105,060.14, a total of $159,880.80. Interest and other charges have continued to accrue since May 13, 2010 but have not been calculated.

The defendants agreed to reimburse the plaintiff for all expenses, costs and fees, including attorney's fees, incurred by the plaintiff. The amount of these expenses and fees has not been calculated.

## CONCLUSIONS OF LAW

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). "If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] I f, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion

with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick*, 2 F.3d at 1115.

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the Court limits its review to those legal arguments the parties have expressly advanced.

Because Federal Rule of Civil Procedure 56(a) specifies that summary judgment may be entered only when the record evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004). The quoted statement constitutes a holding. *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008). This rule does not allow a district court to enter summary judgment in favor of the plaintiff merely because the defendants have not opposed the motion for summary judgment. On the other hand, the Court's review when a defendant does not respond to a motion for summary judgment is less searching than when he does respond. "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. [citation omitted] At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *One Piece of Real*

*Property*, 363 F.3d at 1101.  Should this review reveal the plaintiff's entitlement to summary judgment, under *Dunmar* the Court will not consider any legal or factual arguments the defendants could have, but have not, asserted in opposition.

The plaintiff's four claims are for breach of contract.  Counts One and Two are directed against Horne LLC on the notes.  (Doc. 1 at 5-6).  "The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages."  *Shaffer v. Regions Financial Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (internal quotes omitted).  The uncontroverted evidence shows the existence of two contracts between Horne LLC and the plaintiff; the plaintiff's performance under the contracts by lending Horne LLC certain sums; Horne LLC's non-performance by failing to repay the borrowed sums and other amounts within the time and other terms set forth in the contracts; and the plaintiff's resulting damage from Horne LLC's non-payment.  The uncontroverted evidence thus establishes all elements of the plaintiff's claims against Horne LLC, and Horne LLC offers no defense.  The plaintiff is thus entitled to summary judgment as to these claims.

Counts Three and Four are directed against Horne on the guaranties.  (Doc. 1 at 6-7).  "Every suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty."  *Delro Industries, Inc. v. Evans*, 514 So. 2d 976, 979 (Ala. 1987).  The uncontroverted evidence shows the existence of two guaranties by Horne; Horne LLC's default on the underlying contracts; and non-payment by Horne.  The uncontroverted evidence thus establishes all elements of the plaintiff's claims against Horne, and Horne offers no defense.  The plaintiff is thus entitled to summary judgment as to these claims.[1]

---

[1] The guaranties are by their terms continuing.  "[T]o recover under a …continuing guaranty, an additional element, notice to the guarantor of the debtor's default, must be proved." (Continued)

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for summary judgment is **granted**. The plaintiff has established its entitlement to a judgment in the amount of $159,880.80 and to an additional award of interest and other accrued charges since May 13, 2010 and of costs and fees, including attorney's fees. The plaintiff is **ordered** to file and serve its proof of the amount and reasonableness of such additional sums on or before **January 7, 2011**. The defendants are **ordered** to file and serve any response on or before **January 21, 2011**. The Court will take the matter under submission on January 21, 2011 and enter a supplemental order and final judgment thereafter. The final pretrial conference set for January 18, 2011 is canceled.

DONE and ORDERED this 27th day of December, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

*Delro Industries*, 514 So. 2d at 979. The plaintiff has not alleged or established notice to Horne of Horne LLC's default. However, "[t]he language of the guaranty is controlling in determining whether the holder of the guaranty is under a duty to notify the guarantor of a default by the principal, and notice need not be given when the terms of the guaranty expressly dispense with the need for it." *Sharer v. Bend Millwork Systems, Inc.*, 600 So. 2d 223, 226 (Ala. 1992) (applying the rule to a continuing guaranty). The guaranties here expressly dispense with the need for notice of Horne LLC's default. The plaintiff thus was not required to plead or prove such notice.